UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| P.R. TELEPHONE CO., INC., | |
| Plaintiff(s), | Civil No. 13-1186 (DRD) |
| TELECOMM. REGULATORY BOARD OF P.R. ET., AL., | |
| Defendant(s). | |

**ORDER ADOPTING REPORT AND RECOMMENDATION NUNC PRO TUNC**

Pending before the Court are: Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by co-defendant WorldNet Telecommunications, Inc. (hereinafter "WorldNet"), Docket No. 14; Response to Motion to Dismiss filed by Puerto Rico Telephone Co. (hereinafter "PRTC") Docket No. 15; WorldNet's Reply to Response to Motion to Dismiss, Docket No. 18; (d) *Report and Recommendation* issued by the Magistrate Judge Silvia Carreno-Coll (hereinafter "Magistrate Judge"), Docket No. 25. For the reasons set forth below, defendant WorldNet's request for voluntary dismissal without prejudice is granted.

**Factual and Procedural Background**

The purpose of the Telecommunications Act of 1996 ("The Act") is to promote competition in the local telephone services market. See 104 P.L. 104, 2; Puerto Rico Tel. Co. v. Telecommunications Regulatory Bd., 189 F.3d 1, 7 (1st Cir. 1999). The Act imposes statutory duties on incumbent local exchange carriers ("ILECs") to share their networks with competitive local exchange carriers ("CLECs"), 47 U.S.C. § 251©. ILECs have the duty to offer its retail services at wholesale rates to competing carriers that will resell the services at retail prices, 47 U. S.C. § 251(c)(4). The ILEC may negotiate and enter into binding agreements with CLECs these agreements referred to as interconnection agreements must be submitted to the state utility commission for approval or rejection, 47 U.S.C. §252(a)(1). When seeking jurisdiction over a determination other than an approval or rejection, of an interconnection agreement, there must be a

"substantial nexus between the commission's determination and the interconnection agreement. Puerto Rico Tel. Co., 189 F.3d at 10.

The Court notes that the Magistrate Judge's *Report & Recommendation* is unopposed by either party therefore the Court hereby adopts all the finding of fact as stated in said *Report and Recommendation* Docket No. 25.  Suffice it to say that this case concerns the Telecommunications Regulatory Board of Puerto Rico's (herein after "the Board")interpretation of a 2010 interconnection agreement entered into by PRTC and co defendant WorldNet.   The crux of the matter lies in the Board's determination that WorldNet could have a ten (10) day extension to formally request mediation, as to a particular dispute it was having with PRTC. For obvious reasons PRTC is in disagreement with the ten (10) day extension granted by the Board and its findings on the matter. As such PRTC filed suit in federal court claiming this Court had jurisdiction to review the Board's order granting the extension pursuant to Section 252.  WorldNet filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), Docket No. 14, alleging this court lacked jurisdiction over the matter.

As such this matter was referred to the Magistrate Judge for a report and recommendation, (D. E. 14, 15 and 18).  On February 6, 2014, the Magistrate Judge entered a *Report and Recommendation,* Docket No. 25.   The Magistrate Judge recommended that the co-defendant's motion to dismiss, Docket No. 14, be GRANTED and the complaint, Docket No. 1 be DISMISSED.   As of this date, no objections have been timely filed, thus, the Court deems this matter submitted.  For the reasons set forth below, the *Report and Recommendation* issued by the Magistrate Judge, Docket No. 25, is hereby adopted *in toto*, as supplemented herein.

### Standard of Review

The district court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation.   28 U.S.C. § 636(b)(1)(B); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."); Local Civil Rule 503 of the Local Rules of the United States District Court for the District

of Puerto Rico ("L.Civ.R.").  *See*: <u>Mathews</u> v. <u>Weber</u>, 423 U.S. 261 (1976).

An adversely affected party may contest the Magistrate's report and recommendation; 28 U.S.C. § 636(b)(1), in its pertinent part states: "within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate".  Failure to file objections within the specified time waives the right to appeal the District Court's order , *See*: Local Rule 510.2(A), <u>Thomas</u> v. <u>Arn</u>., 474 U.S. 140 (1985).

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." <u>Templeman</u> v. <u>Chris Craft Corp.</u>, 770 F. 2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985).  Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court, and those claims not preserved by such objections are precluded on appeal." <u>Nogueras-Cartagena</u> v. <u>United States</u>, 172 F.Supp.2d 296 (D. Puerto Rico, 2001) <u>affirmed</u> by <u>Nogueras-Cartagena</u> v. <u>United States</u>, 75 Fed. Appx. 795 (1st Cir. (Puerto Rico) 2003) (not selected for publication in the Federal Reporter, No. 03-1113), <u>cert.</u> <u>denied</u> by <u>Nogueras-Cartagena</u> v. <u>Department of Justice</u>, 540 U.S. 1183 (2004), <u>Davet</u> v. <u>Maccarone</u>, 973 F. 2d 22, 30-31 (1st Cir. 1992).

In the instant case, no objections to the Magistrate Judge's *Report and Recommendation* have been filed.  Thus, in order to accept the unopposed *Report and  Recommendation*, the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. <u>Nogueras-Cartagena</u> v. <u>United States</u>, *Id*.; *See:* <u>Douglas</u> v. <u>United Servs. Auto, Ass'n</u>, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the unobjected  legal conclusions of a magistrate judge); <u>Nettles</u> v. <u>Wainwright</u>, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); <u>Garcia</u> v. <u>I.N.S.</u>,

733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

As previously explained, since the Magistrate Judge's *Report and Recommendation* is unopposed, this Court has only to be certain that there is no "plain error" as to the Magistrate Judge's conclusions, in order to adopt the same.  Hence, after a careful analysis, the Court finds no "plain error" and agrees with the Magistrate Judge's conclusions.  "There is little point in attempting to reinvent a well-fashioned wheel. Where, as here, a magistrate judge astutely takes the measure of a case and hands down a convincing, well-reasoned decision, [the Court] should refrain from writing at length to no other end than to hear its own words resonate." Nogueras at 305 citing Corrada Betances v. Sea-Land Service, Inc. 248 F.3d 40, 42 (1st Cir. 2001); Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996).

The Court is particularly impressed by the fact the Seventh Circuit has expressly decided that state interconnection agreements constitute fundamentally state law questions of contract interpretation.  Illinois Bell Tel. Co. v. Worldcom Technologies, Inc., 179 F.3d 556, 569 (7th Cir.1999) (calling for adjudication by the states under the law of contracts).  The United States Court of Appeals for the First Circuit ("First Circuit") has suggested that this decision is correct.  Puerto Rico Telephone Company, Inc. v. SprintCom, Inc., 662 F.3d 74, 87 (1st Cir.2011).  The Fifth, Sixth and Ninth Circuits have come to the same conclusion, as well studied by the Magistrate Judge.  *See Report and Recommendation*, Docket No. 25, pages 8-9 and Fn.4, citing Global NAPs California, Inc. v. Public Utilities Com'n of State of California, 624 F.3d 1225 (9th Cir.2010); Michigan Bell Telephone Co. v. MCIMetro Access Transmission Services, Inc., 323 F.3d 348 (6th Cir. 2003); Southwestern Bell Telephone Co. v. Public Utility Com'n of Texas, 208 F.3d 475 (5th Cir.2000).

Hence, the facts, as found by the Board and the Magistrate Judge are subject to the "plain error" test. The Court finds no plain error and agreed with  the analysis of the Magistrate Judge, Docket No. 25, pages 12-14.

4

**Analysis**

As stated above, the *Report and Recommendation* issued by the Magistrate Judge, Docket No. 25, stands unobjected.  After a careful review and in absence of plain error, the Court hereby **ACCEPTS, ADOPTS and INCORPORATES** by reference, the Magistrate Judge's *Report and Recommendation,* Docket No.25, to the instant Order.

**Conclusion**

For the reasons stated above, the Court finds that there is **no plain error** in the Magistrate Judge's *Report and Recommendation*, Docket No. 25.  Hence, the *Report and Recommendation* is hereby adopted *in toto*, as supplemented herein, and the instant action is **DISMISSED WITHOUT PREJUDICE**.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of April, 2014.

> s/Daniel R. Domínguez
> DANIEL R. DOMINGUEZ
> United States District Judge

5